IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jack U. SHLIMOVITZ, Attorney at Law.

Supreme Court

*No. 93–1483–D. Filed March 15, 1994.*

(Also reported in 512 N.W.2d 769.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney publicly reprimanded.*

We review the recommendation of the referee that
the court publicly reprimand Attorney Jack U.
Shlimovitz for permitting an associate in his office to
work on a bankruptcy matter in which the associate
had previously done substantial work while employed
by the U.S. Trustee's Office, directing his billing clerk
to misrepresent on the bill submitted for payment in

that matter that he had done the work that in fact had been done by the associate and filing an application for fees in the matter which included the billing statement containing the misrepresentation. Under the circumstances established in this proceeding, we determine that the recommended public reprimand is appropriate discipline to impose for Attorney Shlimovitz's professional misconduct in the matter.

Attorney Shlimovitz was admitted to practice law in Wisconsin in 1955 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. Following a hearing, the referee, Attorney Jean DiMotto, made the following findings of fact.

A staff attorney in the U.S. Trustee's Office who had performed the majority of the substantive work during the first 14 months of a bankruptcy proceeding in which Attorney Shlimovitz represented the trustee sought employment as an associate with Attorney Shlimovitz's law firm. When Attorney Shlimovitz hired the associate to start October 1, 1990, he was aware of the ethical rule, SCR 20:1.11(a),[1] prohibiting a lawyer in a firm from knowingly undertaking or continuing

---

[1] SCR 20:1.11 provides:

**Successive government and private employment**

(a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

(1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

representation in a matter in which the lawyer acted in the course of government employment unless the governmental agency consents after consultation and prohibiting any lawyer in the firm from continuing representation in the matter unless the disqualified lawyer is screened from any participation in it and written notice is given to the governmental agency. Nonetheless, Attorney Shlimovitz took no steps to ascertain whether there was a conflict with the associate's working on the bankruptcy matter or to ask the associate to provide a list of the firm's bankruptcy files that would require compliance with the ethical rule.

The associate worked on the bankruptcy matter without having given written notice to the U.S. Trustee's Office and from October 16, 1990 until the matter was completed in May, 1991, was the only attorney in the firm who worked on the file. In April, 1991, when the staff attorney who succeeded the associate in the U.S. Trustee's Office learned that the associate was working on the bankruptcy matter, she told him she believed he had a conflict of interest because he had worked on the case while employed in the U.S. Trustee's Office. The associate responded that if she had a concern, she should file a motion with the bankruptcy judge. The associate then told Attorney Shlimovitz of the staff attorney's concern but Attorney Shlimovitz did not investigate the matter, instruct the associate to discontinue working on the file or contact the U.S. Trustee's Office.

When the firm's bankruptcy file was being prepared for fee application to the bankruptcy court, Attorney Shlimovitz, aware of the questioned conflict resulting from the associate's having worked in the matter, had his initials substituted for the associate's on the billing statement for all work the associate had

done, in Attorney Shlimovitz's words, "in order to try to slip it through and solve the problem." In fact, the only work Attorney Shlimovitz had done in the matter was conduct three telephone calls during the first week his firm handled the matter; the majority of the work prior to October, 1990, had been done by another associate. The application for attorney fees and expenses, totaling $24,600, submitted to the bankruptcy court included a billing statement that had been altered to set forth Attorney Shlimovitz's initials for the entries attributable to the associate who had previously served as staff attorney in the U.S. Trustee's Office.

When the Assistant U.S. Trustee and the staff attorney confronted him concerning the accuracy of the billing statement, Attorney Shlimovitz admitted that he had directed his billing clerk to substitute his initials for the associate's, thereby attributing to himself all of the associate's work done in the matter. Attorney Shlimovitz then submitted an amended application for fees and expenses in the amount of $21,909, deleting all time and expense entries for the period during which the former staff attorney had worked on the matter. When the Assistant U.S. Trustee filed an objection to the amended fee application, on the ground that the amended application did not negate the seriousness of the original false application, Attorney Shlimovitz withdrew his application for fees and waived any request for fees in the matter. The bankruptcy court issued an order accordingly.

The referee concluded that by allowing his associate to perform legal services in the bankruptcy matter in which the associate had previously performed substantial work while employed in the U.S. Trustee's Office, even after a conflict of interest had been alleged, Attorney Shlimovitz knowingly continued representa-

tion in the matter without screening his associate from work in it and without providing written notice to the U.S. Trustee's Office, in violation of SCR 20:1.11(a). The referee also concluded that Attorney Shlimovitz's misrepresentation of the identity of the attorney who performed the legal work in the bankruptcy matter on the fee application constituted conduct involving dishonesty, deceit and misrepresentation, in violation of SCR 20:8.4(c), and that by filing an application for fees with the court which contained a falsified billing statement, he knowingly made false statements of fact to a tribunal, in violation of SCR 20:3.3(a)(1).

In recommending a public reprimand as discipline for that misconduct, the referee considered as mitigating factors that Attorney Shlimovitz's misconduct did not harm any client or member of the public, that he immediately admitted his misconduct when confronted and that he has expressed sincere remorse for it. The referee determined that a public reprimand will be a sufficient deterrent to similar misconduct by other attorneys, noting that Attorney Shlimovitz suffered the loss of some $25,000 of compensation for work his firm performed in the bankruptcy matter, most of which had been earned prior to the conflict of interest, and he was convicted of contempt in federal court for submitting a falsified billing statement, for which he was fined $2,000.

We adopt the referee's findings of fact and conclusions of law and determine that a public reprimand is appropriate discipline to be imposed under the circumstances presented. In addition to the mitigating factors considered by the referee, we note that Attorney Shlimovitz's conduct was not intended to obtain payment of fees to which his firm was not entitled.

Nevertheless, his misconduct is sufficiently serious to warrant public discipline.

IT IS ORDERED that Attorney Jack U. Shlimovitz is publicly reprimanded for professional misconduct established in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jack U. Shlimovitz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jack U. Shlimovitz to practice law in Wisconsin shall be suspended until further order of the court.