In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jack U. SHLIMOVITZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jack U. SHLIMOVITZ, Respondent.

Supreme Court

*No. 02–0876–D. Decided July 11, 2002.*

2002 WI 103

(Also reported in 647 N.W.2d 241.)

ATTORNEY disciplinary proceeding. ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Jack U. Shlimovitz and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] setting forth findings of fact and conclusions of law regarding Attorney Shlimovitz's professional misconduct in connection with his representation of a debtor in a Chapter 7 bankruptcy proceeding. The parties stipulated that this misconduct constitutes commission of a criminal act that reflects adversely on Attorney Shlimovitz's honesty, trustworthiness or fitness as a lawyer in violation of SCR 20:8.4(b).[2] The parties further stipulated to a two-year suspension of Attorney Shlimovitz's license to practice law.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 20:8.4(b) provides that "[i]t is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Shlimovitz's misconduct warrants the suspension of his license to practice law. We accept the parties' stipulation that two years is appropriate discipline for this offense, subject to the understanding that in the federal case giving rise to this disciplinary action, Attorney Shlimovitz agreed to surrender his license to practice law for a period of five years.

¶ 3. Attorney Shlimovitz was admitted to practice law in Wisconsin in 1955. He was publicly reprimanded in 1994 for permitting an associate to work on a bankruptcy matter that the associate had previously worked on while employed by the United States Trustee's Office, and for related misrepresentations in connection with billing these services. *In re Disciplinary Proceedings Against Shlimovitz,* 182 Wis. 2d 65, 512 N.W.2d 769 (1994).

¶ 4. The current disciplinary proceeding stems from Attorney Shlimovitz's violation of federal law in connection with his representation of a debtor in a Chapter 7 bankruptcy proceeding.

¶ 5. Attorney Shlimovitz filed the bankruptcy petition in federal district court on behalf of his client on January 18, 2000. One of the debtor's assets was a home. Attorney Shlimovitz indicated in the petition that the client resided in the home and he listed the value of the home as $70,000. The next day Attorney Shlimovitz filed a motion seeking to avoid a judgment lien against the home, asserting that the lien would interfere with the debtor's homestead exemption.

¶ 6. At the time he filed the motion Attorney Shlimovitz knew the home was valued well over $70,000. In 1999 he had ordered an appraisal of the

355

home, which placed its value at $160,000. In addition, prior to filing the bankruptcy petition, Attorney Shlimovitz was aware that a potential purchaser of the home had obtained a $128,000 mortgage from a bank and that the tax assessed value of the home was $189,000. On November 11, 2000, the bankruptcy estate sold the home for $155,000.

¶ 7. On July 17, 2001, Attorney Shlimovitz was charged in U.S. District Court for the Eastern District of Wisconsin with one count of willfully disobeying a lawful rule of the U.S. Bankruptcy Court in violation of 18 U.S.C § 401(3).[3] He entered into a plea agreement in July 2001 and on November 8, 2001, Attorney Shlimovitz pled guilty to the charge. He was convicted and sentenced to two years' probation on the same day. *See United States v. Shlimovitz,* No. 01–CR-138 (E.D. Wis. Nov. 9, 2001). Pursuant to the terms of the plea agreement he agreed to surrender his license to practice law for no less than five years.[4] The relevant provision of the plea agreement reads as follows:

---

[3] 18 U.S.C. § 401 is entitled "power of court" and provides:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

[4] On October 29, 2001, Attorney Shlimovitz petitioned this court for the voluntary surrender of his law license. However, because of the pendency of this OLR proceeding, the petition was denied.

Prior to sentencing, defendant agrees to take all necessary steps to voluntarily surrender his license to practice law. Defendant further agrees not to petition any court or agency for reinstatement of his license until a period of five years following the later of his sentencing, or revocation of his license, has lapsed. Defendant further agrees not to practice law in the State of Wisconsin or elsewhere for a period of five years following his sentencing. The parties understand and agree that this paragraph is a material provision of this agreement and the defendant's failure to comply with the terms of this paragraph will render this agreement null and void.

¶ 8. On March 27, 2002, the OLR filed a complaint against Attorney Shlimovitz in connection with this matter. The parties promptly entered into a stipulation whereby they agreed that Attorney Shlimovitz committed the federal criminal offense of knowingly disobeying a lawful rule of the bankruptcy court, contrary to 18 U.S.C § 401(3) by his act of knowingly submitting false information to a bankruptcy court. The parties stipulated further that this constitutes commission of a criminal act that reflects adversely on Attorney Shlimovitz's honesty, trustworthiness or fitness as a lawyer in violation of SCR 20:8.4(b).

¶ 9. We adopt the findings of fact and conclusions of law set forth in the parties' stipulation. Providing false information to the court is a serious breach of professional conduct and warrants suspension of Attorney Shlimovitz's license to practice law. We accept the parties' conclusion that a two-year suspension of his license is appropriate discipline for his professional misconduct, subject to the understanding that Attorney Shlimovitz has ceased to practice law and that he remains subject to the terms of the federal plea agree-

ment, which precludes him from seeking reinstatement of his license until a period of five years following his sentencing has lapsed.

¶ 10.　IT IS ORDERED that the license of Jack U. Shlimovitz to practice law in Wisconsin is suspended for a period of two years, effective the date of this order. The OLR indicates it is not seeking imposition of costs in this matter.

¶ 11.　IT IS FURTHER ORDERED that Jack U. Shlimovitz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.